Martin, J.
The defendant, sued as the tutor of one of the *525 plaintiffs, Maria Eliza Richard, complains of a judgment which rejects three items of his account. The first is one of $153 56, grounded on a receipt of the Parish Judge, for costs in the settlement of the succession of Elizabeth Mouton. The second of $48, for a doctor’s bill; and the last of $1070 26, being the amount of a draft of the defendant on L. Favrot.
G. (S'. Lacey and Elam, for the plaintiffs,
Burk, for the appellant.
It appears to us, that the first item was properly rejected, as there is, on the face of the paper which is the evidence of it, an admission that it was improperly filed. The Judge has rejected the two other items, on the ground, that “ the defendant has failed to establish the same by legal vouchers, as prescribed bylaw.” The document for the smaller sum having been admitted without opposition, it appears to us the item ought to have been allowed, as the tutor is bound to procure medical attendance for his ward when necessary, and he is not bound to procure evidence of the necessity, where the claim is not large, and nothing authorizes the presumption of the allowance of an improper claim.
The last item of $1070 26, grounded on the receipt of the husband for a draft on Favrot, is expressed to have been given in relation to the sums in the hands of the drawee, the Parish Judge, belonging to the estate of Etienne Richard, the wife’s ancestor. The receipt does not state any particular sum, and is without a date. It does not appear to us that the Judge erred ; but as it is evident, that the husband, who had authority to receive whatever was due to his wife on account of her paraphernal property not shown to be under her sole and separate administration, (Civ, Code, art. 2362,) has received from the defendant a draft in relation to the estate of his wife’s ancestor, and may be presumed to have collected its amount, since he has not returned it, the plaintiffs cannot avail themselves of the absence of evidence of the amount of the draft. The case must be remanded in order that the deficiency in that part of the evidence may be supplied.
It is, therefore, ordered and decreed, that the judgment be reversed, and the case remanded to be proceeded on according to law, and the principles herein above established; the costs of this appeal to be paid by the appellees.